IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR No. 04-60033-HO |
| | ) | |
| v. | ) | FINDINGS OF FACT AND |
| | ) | CONCLUSIONS OF LAW |
| JASON SAMUEL CONLEY, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Jason Conley is charged with one count of possessing a firearm after having been convicted of felony and one count of possessing a firearm not registered to him in the national firearms registration and transfer record both in the district of Oregon. The indictment also charges that defendant has been previously convicted of the following felony crimes punishable by imprisonment for a term exceeding one year:

(1) Assault in the third degree, in the Circuit Court of the State of Oregon for Linn County, case number 02071667, on or about July 29, 2002; and

(2) Supplying contraband, in the Circuit Court of the State of Oregon for Josephine County, case number 01CR0082, on or about December 5, 2002.[1]

Specifically, the indictment charges defendant in count 1 of knowingly possessing the following firearms on January 25, 2004, in the District of Oregon:

1. A Winchester, model 1897, 12 gauge shotgun, with a barrel length of less than 18 inches, bearing serial number 487403; and

2. Twenty-three 12 gauge shotgun shells

which had been transported in interstate commerce in violation of 18 U.S.C. § 922(g)(1).

The indictment charges defendant in count 2 with knowingly possessing the Winchester, model 1897, 12 gauge shotgun, with a barrel length of less than 18 inches, bearing serial number 487403 a firearm not registered to defendant in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5845(a) and (d), 5861(d), and 5871.

---

[1]Each crime is a class C felony under ORS § 161.605(3) and carried maximum statutory terms of imprisonment of five years. See ORS §§ 163.165, 162.185, 161.605. Defendant's actual sentences included terms of imprisonment of less than one year for each crime.

The indictment also includes a forfeiture count in the event that defendant is convicted, seeking forfeiture of the firearm pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461.

Defendant contends that his previous convictions do not meet the criteria of being "punishable by imprisonment for a term exceeding one year" as required for count 1 of the indictment. Defendant argues that these convictions do not meet the criteria because defendant's mandatory sentencing guideline range under the Oregon sentencing guidelines for the convictions required less than a year of imprisonment and the doctrine of constitutional avoidance requires section 922 be interpreted so that predicate crimes are determined based on the maximum term of imprisonment that could have been constitutionally imposed on the accused under the applicable state law provisions. A similar <u>Blakely/Apprendi</u> type argument relying on <u>State v. Dilts</u>, 337 Or. 645 (2004) has been raised previously with respect the Armed Career Criminal Act (ACCA) in this court and rejected.

Defendant notes that the term "punishable by imprisonment for a term exceeding one year" is defined by statute to be determined in accordance with the law of the jurisdiction in which the proceedings were held and argues that the Oregon sentencing guidelines that applied to defendant control. While it is true that in defendant's case the mandatory sentencing guideline called for less than one year, it is also true that the statutory maximum

for the offense in Oregon is more than one year. See ORS § 161.605 Just as in the Armed Career Criminal Act, the statutory maximum is the appropriate definition for purposes of 18 U.S.C. § 922(g).

In Dilts, the Oregon Supreme Court found the courts' obligation is to apply the sentencing guidelines and that the presumptive guideline provided the "statutory maximum" for Apprendi purposes unless a jury finds an aggravating factor. 337 Or. at 654-55. Defendant relies on federal cases determining maximum state law sentences for purposes of the federal sentencing guidelines.

The issue is different here because the statute itself defines the predicate offense similar to the ACCA. Congress defined what constitutes the predicate offenses in the statute rather than leaving it to an agency to craft rules and definitions. In determining whether a prior offense is a serious drug offense under the ACCA, the court looks only to the statutory definition of the offense, and not to underlying facts. See United States v. Moore, 286 F.3d 47, 49 (1st Cir. 2002) (citing Taylor v. United States, 495 U.S. 575, 600 (1990)); McCarthy v. United States, 135 F.3d 754, 756-57 (11th Cir. 1998). The Ninth Circuit recognizes that this is the approach prescribed by the Supreme Court in Taylor to determine whether an offense is a "violent felony" as defined by the ACCA. United States v. Melton, 344 F.3d 1021, 1023 (9th Cir. 2003).

Blakely did not change the rule that the court should look to the statutory definition of the crime to determine whether it is a predicate offense under section 922(g). It does not matter what sentence could be imposed under the guidelines or what sentence actually was imposed. As in Taylor, the court should not look beyond the statute to determine if Congress' intent is satisfied. Cf. Moore, 286 F.3d at 50. ("there is no warrant for probing beneath the statutory definition of the crime.")

In this case, the court is not looking at a sentencing issue, but the definition of the crime itself. Accepting defendant's argument eliminates the crime altogether and it is unlikely Congress intended such a result given that the statute was pre-Blakely and pre-state and federal sentencing guidelines. Using the statutory maximum as determined in accordance with the law of the jurisdiction by looking only to the statute in which the proceedings were held, does not require this court to violate Blakely and engage in fact finding that is reserved for a jury. Defendant's challenge to the alleged predicate offenses is rejected.

The parties have stipulated to the facts in this case and agree that, assuming the previous convictions qualify as predicate offenses under section 922(g), the facts establish guilt beyond a reasonable doubt for both charges. The court finds, beyond a

reasonable doubt, defendant violated section 922(g) of Title 18 of the United States Code as follows with respect to count 1:

First, the defendant knowingly possessed, within the district of Oregon, a Winchester, model 1897, 12 gauge shotgun, with a barrel length of less than 18 inches, bearing serial number 487403 and twenty-three 12 gauge shotgun shells;

Second, the shotgun and twenty-three 12 gauge shotgun shells had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the shotgun and twenty-three 12 gauge shotgun shells, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The court finds, beyond a reasonable doubt, defendant violated section 5861(d) of Title 26 of the United States Code as follows with respect to count 2:

First, the defendant knowingly possessed, within the district of Oregon, a shotgun having a barrel or barrels of less than 18 inches in length; and

Second, the shotgun was not registered to the defendant in the National Firearms Registration and Transfer Record.

## CONCLUSION

For the reasons stated above, the court finds beyond a reasonable doubt that defendant is guilty as charged in counts 1 and 2 of the indictment.

DATED this 30th day of August, 2005.

Michael R. Hogan
United States District Judge